

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514   PHONE (516)334-4500   FAX (516)334-4501   WWW.SOKOLOFFSTERN.COM

STEVEN C. STERN
SSTERN@SOKOLOFFSTERN.COM

April 3, 2018

VIA ECF
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

           Re:   *Tenemille v. Town of Ramapo, et al.*
                  18 CV 00724 (KMK)
                  File No. 180015

Your Honor:

       This firm represents defendants Town of Ramapo, its Police Department, Bradley Weidel, Thomas Cokeley, David Holmes, Daniel Hyman, Brian Corbett, Salomon Matos, and Christopher Franklin in the above-referenced matter.[1] We write to request a pre-motion conference in anticipation of moving to dismiss the amended complaint.[2]

       Plaintiff asserts claims of race, national origin, and religious discrimination under 42 U.S.C. § 1981, Title VII, and the N.Y. Human Rights Law, and a common law negligent hiring, retention, and supervision claim, all pertaining to his employment as a Town police officer.

       His claims range from petty slights and stray remarks dating back to his days in the police academy in 2002 through his termination following a disciplinary hearing in 2016. Nearly all his claims are time-barred, were filed well more than 90 days after his prior two EEOC complaints, or were dismissed by Judge Seibel in his last federal lawsuit (14-CV-04660 (CS) ("*Tenemille I*")). (¶¶ 64-65.)

       Plaintiff's assertions of discriminatory conduct include: accusations in 2002 of inaccuracies in his employment background check (¶ 33); alleged racist comments in 2004 by Sgt. Corbett (¶ 35); criticism throughout his tenure about problems with his police reports, a suggestion that his wife wrote them for him, and problems with his workflow (¶¶ 35, 36, 41, 50); poor evaluations and those that failed to reference his commendations (¶¶ 37-38, 49, 51); being written up in 2005 by (former) Lt. Lampert for entering the holding cells while he was armed (¶ 39); being "demeaned" in 2006 by Sgt. Franklin over a traffic ticket he had written (¶ 40); being disciplined in 2007 for abusing sick time and in 2008 for misusing accumulated time (¶¶ 42-43); religious discrimination in 2009 relating to requested accommodation for which he filed an EEOC complaint but not a lawsuit[3] (¶ 44); Sgt. Gumbs' refusal in 2008 to pursue an

---

[1] Upon information and belief, Defendants Christopher St. Lawrence, Patrick Withers, William Gravina, and Al Gumbs, who are no longer employed by the Town of Ramapo, were never served with process in this case.
[2] The substantive allegations all appear to be in the original complaint; the amended complaint just adds exhibits.
[3] In fact, this was a claim in the prior federal lawsuit, *Tenemille I*.

`Sokoloff Stern LLP`

Honorable Kenneth M. Karas
April 3, 2018
Page 2 of 3

investigation against plaintiff's family's au pair (¶ 45); being written up in 2010 for using too many rounds to euthanize an animal (¶ 46); the deletion in 2012 of traffic tickets he had written, followed by a referral for his second psychological evaluation (¶ 47); and being reprimanded for inappropriate emails (¶ 51).

On December 1, 2015, the Department placed plaintiff on administrative leave for being unwilling to comply with an order demanding he provide a medical release. (¶¶ 52, 56.) This followed a series of events in November 2015 in which he had provided insufficient medical documentation of his absences for an off-duty arm injury. (Am. Compl. Ex. S.) He refused a direct order to provide them, and submitted a notarized form inscribed, "No Thanks." (*Id.*)

Lt. Hyman "interrogated" plaintiff about his refusal to sign the release on December 16 and 17, 2015, and plaintiff ultimately signed the release. (¶ 53.) He was issued disciplinary charges on March 11, 2016 relating to this and other incidents. (¶¶ 55, 72.) A disciplinary hearing was held in June and July, 2016. (Am. Compl. Ex. S.) The Hearing Officer recommended plaintiff be terminated for a number of reasons, including his continued defiance of authority and the chain of command, use of department email to send sarcastic and threatening emails, and failure to respond to retraining initiatives. (*Id.*) The Town Board adopted the recommendation and terminated his employment on December 15, 2016. (¶¶ 57, 72.)

Most of plaintiff's allegations are time-barred. The statute of limitations for plaintiff's § 1981 claims is three years. *Town of Ramapo, New York v. Town of Clarkstown*, 2017 WL 782500 at * 3 (S.D.N.Y. 2017). Thus, his § 1981 claims pre-dating January 28, 2015 are precluded.

Plaintiff filed his most recent EEOC complaint on October 4, 2017, and was granted a right to sue letter on October 30, 2017. (¶¶ 25, 26.) His Title VII claims stemming from events occurring before December 8, 2016, 300 days before the October 4, 2017 EEOC filing are time-barred. *See* 42 U.S.C. § 2000e-5(e)(1). Yet most of plaintiff's claims were the subject of plaintiff's two prior EEOC complaints, for which he received right to sue letters long ago; these claims are time-barred too, as they were not brought within the 90 day period.

The statute of limitations for plaintiff's state law claims is one year and 90 days. *See* Town Law § 67; Gen. Mun. Law §50–i(1)(c). Thus, his state law claims pre-dating October 30, 2016 are time barred. The state law claims are also barred by his failure to serve a notice of claim under Town Law § 67 and General Municipal Law § 50-e. In short, all claims in the complaint other than those relating to his suspension, the preferral of charges, and his termination following his refusal to provide medical documentation are untimely.

Res judicata also bars plaintiff's claims arising from events occurring prior to the October 17, 2014 filing of his amended complaint in *Tenemille I*. "A final adjudication on the merits of an action precludes parties or their privies from relitigating issues that were or could have been raised in that action." *In re Residential Capital*, 489 B.R. 489, 494-95 (Bankr. S.D.N.Y. 2013) (citing *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)). In *Tenemille I*, plaintiff asserted claims for race, national origin, and religious discrimination, and retaliation under Title VII, §§ 1981 and 1983, and the NYSHRL. All of plaintiff's claims, except those relating to his 2016 termination, should be dismissed as they were or could have been raised in *Tenemille I*.

`Sokoloff Stern LLP`

Honorable Kenneth M. Karas
April 3, 2018
Page 3 of 3

The only timely claims relate to the events leading to plaintiff's termination. It was premised on plaintiff's defiance of authority and other improper behavior, and followed the recommendation of a neutral hearing officer following a full due process hearing. *See Jones v. W. Suffolk Boces*, 2008 WL 495498, at *7 (E.D.N.Y. Feb. 20, 2008), *aff'd*, 330 F. App'x 329 (2d Cir. 2009) (decision of independent hearing officer is legitimate non-discriminatory basis for termination). Nothing in the complaint plausibly reflects that the charges or termination occurred under circumstances giving rise to an inference of discrimination. The stray references to discriminatory remarks many years earlier are too attenuated to show an inference of discrimination. *See Osborne v. Moody's Investors Service, Inc.*, 2018 WL 1441392 at *4 (S.D.N.Y. 2018) (eight month period of time between discriminatory comments and termination insufficient to show causal connection, as plaintiff had "not explained how these alleged comments—scattered over time and in different contexts—relate to the decision to terminate her employment."). Any comparison to other police officers who committed different types of misconduct years earlier does not give rise to any plausible inference of discrimination. And the filing of *Tenemille I* in March 2014 is far too attenuated to raise an inference of retaliation, let alone show retaliation was the "but for" cause of plaintiff's termination. *See Alexidor v. Donahoe*, 2016 WL 5720789 at *11 (S.D.N.Y. 2016) (although no bright line rule for temporal proximity, timing must be "very close" and 20 month lapse suggests no causal connection).

All claims against the Ramapo Police Department should be dismissed as police departments are not suable entities. *See Howell v. Port Chester Police Station*, 2010 WL 930981, at *5 (S.D.N.Y. 2010) (CS)(LMS). The Court should also dismiss plaintiff's Title VII claims against each of the individual defendants. Title VII does not provide for individual liability.

The claims against the individual Board members—who are alleged only to have voted on the Hearing Officer's recommendations—cannot stand. And from the Department, only Sgt. Matos, Lt. Colbath, Lt. Hyman, and Chief Weidel are alleged to have had anything to do with the recommendation to prefer the disciplinary charges that led to plaintiff's termination. The other police defendants are not implicated here. Last, punitive damages are not available against a municipality. *See Parkash v. Town of Southeast*, 2011 WL 5142669 (S.D.N.Y. Sept. 30, 2011) *aff'd,* 468 F. App'x 80 (2d Cir. 2012).

We look forward to discussing these issues with Your Honor at a pre-motion conference.

Respectfully submitted,

SOKOLOFF STERN LLP

STEVEN C. STERN

cc: Ernst T. Tenemille [via ECF]