Ernst Theodore Tenemille
ErnstTenemille@Hotmail.com

April 24, 2018

VIA ECF
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: Tenemille V. Town of Ramapo, et al.
18 CV 00724 (KMK)
File No. 180015

Your Honor:

This is Plaintiff's byway of responding to a pre-motion letter asking for conference filed by Counsel for the Defendants, henceforth referred to as "Counsel," with the stated goal "of moving to dismiss Plaintiff's complaint." To the extent that the law requires his approval, Plaintiff has no objection to Counsel's request for a conference. Plaintiff further writes byway of also requesting a Pre-Motion Conference in anticipation of moving for a Summary Judgment against Defendant, based on the assertions made against Plaintiff's complaint in Counsel's letter-motion, which will presumably form the basis for Counsel's defense of his client's action.

First, Plaintiff asserts that the evidentiary elements characterized as "time-barred" are not; said elements form a solid evidentiary foundation for the string of prolonged adverse actions against the Plaintiff, which culminated to his wrongful termination on December 15th 2016 (See Hughes Vs. Home Depot). Your Honor note Counsel has not contradicted the accuracy of the Plaintiff's list of incidents. Counsel simply characterized them as "petty slights and stray remarks." Plaintiff asserts that incidents which collectively led to the end of a Police Officer's 14-year career can hardly be conscientiously perceived as "petty slight."

The evidence will show that Plaintiff was unjustly stripped of his career and was deprived of his sole means of supporting his family in retaliation for, among other documented events, filing the very lawsuit (14-CV-04660) which Counsel referred to in his letter-motion.

Plaintiff further draws the Court's attention to the fact that this case is drawing from a new incident, **namely: Plaintiff's Termination**, and is using these past events as further evidence of the ongoing circumstances, which led to said termination. Counsel is free to present his argue the accuracy of the presented evidence; but it would appear that, Counsel simply aims to suppress them instead. Your Honor, the needed elements for Counsel's assertion, that Res Judicata applies here, are not met.

Plaintiff's filed complaint affirms these elements as evidence of the hostile work environment to which agents of his employer (Defendants) subjected him to over an extended period of time. An environment that Plaintiff verifiably complained about both internally

(Exhibit 'L', Pg.# 2-3) and to outside agencies (Exhibit 'L' Pg.# 5), as Counsel's letter-motion confirms. These complaints were not only ignored but ultimately, Plaintiff was fired for voicing them. The Town's motivation for starting an investigation of the plaintiff in the first place is of material importance here and was noticeably not addressed by Counsel for the defendants.

Counsel states on page #2 of his letter-motion (¶2) **"On December 1, 2015, the Department placed plaintiff on Administrative Leave [Exhibit 'E' Pg.# 2, 3] due to his unwillingness to comply with an order demanding he provide a medical release."**
That, Your Honor, is what formed the purported "legal" foundation for Defendant initiating an investigation, which led to Plaintiff's termination (see Exhibit 'N'). Plaintiff establishes that Counsel is referring to a HIPAA release form here. Plaintiff further establishes that access to Plaintiff's Personal Health Information (PHI) is federally protected, and only under certain legal criterions can that be justified. Plaintiff affirms that the quoted foundational statement, presented by Counsel, is absolutely false.

Because, Plaintiff asserted in a memo dated November 24th 2015 (Exhibit 'D' Pg. #2, ¶ 3) that he was willing to sign the (first of three) presented HIPAA releases once Defendants legally justified their request; the Defendants never did so, for reasons perhaps Counsel might be able to explain. On November 30th at about 2340, a second HIPAA release form was presented to Plaintiff (Exhibit 'E' Pg.# 2-6) ordering to approve access to his Personal Health Information (PHI) within **"24hours or face departmental charges"** (Exhibit 'I' Pg.# 8).

Though Plaintiff expressed willingness to comply, by accepting the written order, about 40 minutes following the same order, on December 1st 2015, Plaintiff was placed on "Administrative Leave," (Exhibit 'E' Pg. # 2, 3) as Counsel explained in his letter-motion.

On page 7 of Exhibit 'S' (¶2) the Hearing Officer ruled **"Not Sustained"** in reference to the third charge (count #3) against plaintiff, which had to do with allegedly "refusing to sign the HIPAA form presented on November 30th 2015." The Judge who oversaw that Hearing supported his decision by stating at the end of the same paragraph (#2), **"He [plaintiff] was suspended before the 24 hour period elapsed."**

Your Honor, this was in reference to the last order issued to the Plaintiff prior to his placement on Administrative Leave, the initial step –source of the initial charge-- that led to his termination. And, the Hearing Officer ruled that that charge was **"not sustained."** What else was there to support further investigation and the eventual termination of the Plaintiff? Plaintiff affirms there was nothing; nothing, but the Defendant's bent on retaliation for (among other events) the lawsuit (14-CV-04660), which officially closed but a few months before.

Lieutenant Hyman, who initiated the investigation against plaintiff, admitted under oath that the investigation against the Plaintiff was initiated because he "provided improper doctor's notes." Lieutenant Hyman also testified that not providing a "proper" note does not equate to being in violation of Ramapo PD's Sick Leave policy (Exhibit 'R' Pg. #74, 75 of 287). In fact, during day # 2 of Plaintiff's hearing, On July 21st 2015, Lieutenant Hyman also testified that Plaintiff was not suspected of violating the Town's Sick Leave policy in anyway prior to the start of the investigation (Exhibit 'R' Pg. #25 / 287).

On July 21st 2015, Lieutenant Hyman was asked, **"Now, at any time did you either yourself or evidence that you may have seen, seen anything that would demonstrate that Officer Tenemille misused his sick leave for that period that we are talking about, I believe this is the early days of November 2015?"** Lieutenant Hyman answered "**No**" to that question.

Lieutenant Hyman testified that the reason the three notes provided by the plaintiff were all deemed "inadequate" was because his definition of what constitutes a proper diagnosis clashed with that of the two doctors who authored Plaintiff's three notes. Lieutenant Hyman felt that his definition of the word diagnosis ((Exhibit 'R' bottom of Pg. #24 and top of #25) trumped that of the two medical doctors plaintiff was treated by. This, Your Honor, is evidence of a concerted harassment campaign and Defendant's abuse of Plaintiff's HIPAA protected right to privacy, which further reinforces Plaintiff's assertion that retaliation was the only reason for Plaintiff's termination. There is no lawful provision that would allow the Defendant to dictate a HIPAA release be signed in lieu of a required doctor's note. Defendant's own departmental Rules and Regulations, as well as the active Collective Bargaining Agreement between the Town of Ramapo and the Ramapo PBA, provides for investigation regarding questioned "claims of illness" but say nothing at all about initiating investigations to satisfy the perceived improper wording of the three doctor's notes (Exhibit 'R' Pg.#48/287).

Plaintiff finally asserts that all individuals named as Defendants in his complaint are in fact Town of Ramapo employees (see Exhibit 'T'); and, a licensed Process Server properly served them all.

To conclude Your Honor, there was no dispute as to Plaintiff's "claim of illness" in early November of 2015; therefore, the investigation was unjustified and retaliatory. The request for a HIPAA release under these circumstances was illegal. Plaintiff's retaliatory firing from his post as Police Officer at the Town of Ramapo actually exceeds the legal requirements of a wrongful termination. Therefore: In view of the legally unstable foundation supporting the Town's decision to terminate the Plaintiff's chosen career; In view of the fact that even today, nearly twenty-eight months after he stopped working as a Town of Ramapo Police Officer, Plaintiff's productivity as an Officer would still rank among the top 25% at the Ramapo Police department; In view of pattern of discriminatory acts and prejudicial treatment visited upon your Plaintiff throughout his career up to and including the date of his termination, which goes beyond all bounds of decency; And finally, in view of the egregious financial, emotional and social consequences set forth by the Town's legally unexplainable decision to terminate such an officer, Plaintiff would assert that the Court should find ample reason to rule in favor of Plaintiff in this case and impose all necessary measures legally available to make Plaintiff whole. Plaintiff graciously thanks the Court for judicial attention to this matter. Plaintiff looks forward to discussing these issues with Your Honor at a Pre-Motion Conference.

Respectfully submitted,

Ernst Theodore Tenemille (Pro-Se)