UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNST THEODORE TENEMILLE,

                              Plaintiff,

               v.

TOWN OF RAMAPO, *et al.*,

                              Defendants.

No. 18-CV-724 (KMK)

ORDER

Appearances:

Ernst Theodore Tenemille
New City, NY
*Pro Se Plaintiff*

Steven C. Stern, Esq.
Vernee Ciara Pelage, Esq.
Sokoloff Stern LLP
Carle Place, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

## I.  Background

Pro se Plaintiff Ernst Theodore Tenemille ("Plaintiff") brought this Action against former

Town of Ramapo Supervisor Christopher St. Lawrence ("St. Lawrence"), former Councilman

Patrick Withers ("Withers"), Chief of Police Bradley R. Weidel ("Weidel"), Chief of Staff

Thomas Cokeley ("Cokeley"), Squad Lieutenant Daniel Hyman ("Hyman"), Squad Sergeant

Salomon Matos ("Matos"), Desk Sergeant Christopher Franklin ("Franklin"; collectively, the

"Individual Defendants"), and the Town of Ramapo (the "Town" or "Ramapo"; together with

Individual Defendants, "Defendants"), alleging that Defendants discriminated against and

subsequently retaliated against him on the basis of his race, color, national origin, and religion, in

violation of Section 1983 of the Civil Rights Act of 1866, 42 U.S.C. § 1983 ("§ 1983"), Title VII

of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; and New York State

Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, et seq.  (*See generally* Fourth Am.

Compl. ("Fourth AC") (Dkt. No. 88).)  On January 13, 2022, the Court issued an Opinion &

Order granting Moving Defendants' Motion to Dismiss, which dismissed all claims with

prejudice save for Plaintiff's hostile work environment claims, which the Court dismissed

without prejudice, as it was Plaintiff's first adjudication of these claims on the merits.  (Op. &

Order 33 ("2022 Op.") (Dkt. No. 109).)  In its Opinion & Order, Court also permitted Plaintiff to

file a fifth amended complaint within 30 days.  (*Id.* at 33–34.)[1]

Thirty days after the Court issued its Opinion & Order, Plaintiff, in lieu of a fifth

amended complaint, filed a motion for reconsideration of the Court's Opinion & Order pursuant

to Federal Rule of Civil Procedure 59(e), (the "Motion"), as well as supporting papers.  (*See* Dkt.

Nos. 110–112.)[2]  On March 25, 2022, Defendants filed a Memorandum of Law in Opposition to

the Motion.  (Defs.' Mem. of Law in Opp. to Pl.'s Mot. ("Defs.' Mem.") (Dkt. No. 115).)

Finally, on April 26, 2022, Plaintiff filed a Reply.  (Pl.'s Reply Mem. of Law in Supp. of Mot.

("Pl.'s Reply Mem.") (Dkt. No. 117).)

For the following reasons, Plaintiff's Motion is denied.

---

[1] The Court assumes the Parties' familiarity with the facts at issue as well as the Action's procedural history, up to and including the substance of that Opinion.  (*See generally* 2022 Op.)

[2] Plaintiff first filed his Notice of Motion and his Memorandum of Law in Support of the Motion simultaneously but absent exhibits, (*see generally* Dkt. No. 110), then re-filed the same documents with exhibits, (*see generally* Dkt. No. 111).  Subsequently, Plaintiff re-filed three exhibits.  (*See generally* Dkt. No. 112.)  For purposes of this Opinion, the Court refers to Dkt. No. 110 as the "Motion" and to Dkt. No. 111 as Plaintiff's Memorandum of Law ("Pl.'s Mem.").

## II.  Discussion

### A.  Standard of Review

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation and omitted)).  A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014). Therefore, "[a] motion for reconsideration is not the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000).  "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Arthur Glick*, 965 F. Supp. 2d at 405 (citation omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need

3

to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523.

    B.  Analysis

        1.  Rule 59(e)

"To invoke Rule 59(e) to alter or amend a judgment, the moving party must move 'no later than 28 days after entry of judgment.'" *Darcelin v. New York*, No. 09-CV-5611, 2010 WL 723455, at *1 (E.D.N.Y. Feb. 26, 2010) (quoting Fed. R. Civ. P. 59(e)).  Plaintiff filed his motion 30 days after the entry of judgment.  (*See* Dkt.)  "[T]he liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and citation omitted)).  Accordingly, the Court cannot waive Congress' imposition of the 28-day time limit.[3]

---

[3] Additionally, Local Civil Rule 6.3, entitled *Motions for Reconsideration or Reargument*, provides:

> [A] notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.  There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

Local Civ. R. 6.3.  In other words, Plaintiff failed to comply with local rules regarding Motions for Reconsideration in addition to the Federal Rules.

The Court will nevertheless exercise its authority to "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal." *Castro v. United States*, 540 U.S. 375, 381 (2003) (italics omitted); *see also Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration [under Rule 59(e)] is treated as a Rule 60(b) motion."); *Munn v. APF Mgmt. Co.*, No. 19-CV-10791, 2021 WL 2355308, at *2 (S.D.N.Y. June 9, 2021) ("[S]everal courts in this Circuit have construed untimely motions for reconsideration under Rule 59(e) or Local Civil Rule 6.3 as motions brought under Rule 60(b)." (quoting *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 n.2 (S.D.N.Y. 2018))).  Thus, the Court will consider the instant Motion under Rule 60(b).

> 2.  Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure governs relief from a final judgment or order.  *See* Fed. R. Civ. P. 60(b).

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

*Id.*

"Properly applied[,] Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "In other words[,] it should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Id.* (citation and quotation marks omitted). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (citation, quotation marks, and alteration omitted); *see also Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) ("Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."). "Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (quotation marks omitted). Thus, "[t]he movant must adduce 'highly convincing material' in support of the motion." *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *3 (S.D.N.Y. Feb. 8, 2019) (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)), *aff'd*, 798 F. App'x 682 (2d Cir. 2019). This is, in short, a "demanding standard." *Bell v. Deutsche Bank*, No. 18-CV-1593, 2021 WL 4480549, at *4 (E.D.N.Y. Sept. 30, 2021).

Plaintiff argues that the Court "mishandled facts" and "misevaluated" his arguments. (Pl.'s Mem. 1.) In support of this idea, Plaintiff not only reprises and reforms his arguments, (*see generally id.*), but he also brings forward "35 additional documents," (*id.* at 1). Defendants assert that Plaintiff's arguments "largely rehash the same arguments he presented" and that the Motion "must be denied because [Plaintiff] does not show an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or

prevent manifest injustice." (Defs.' Mem. 1.)  Plaintiff, in reply, makes these same arguments

and asserts new ones regarding Defendants' apparent concessions as well as brand new

arguments for the underlying motion to dismiss.  (*See generally* Pl.'s Reply Mem.)

In the first instance, the Court cannot consider any of Plaintiff's new exhibits.  "Courts

typically do not consider new evidence raised on reconsideration." *Piña v. United States*,

No. 20-CV-1371, 2022 WL 782996, at *5 (S.D.N.Y. Mar. 15, 2022) (citing *Munn*, 2021 WL

2355308, at *3).  Put simply, "[a] motion to reconsider is not [a party's] opportunity to put

forward evidence that he could have, but failed, to provide the Court when the Court initially

considered the motion." *Francis v. AccuBanc Mortg. Corp.*, No. 19-CV-902, 2021 WL 827123,

at *3 (S.D.N.Y. Mar. 4, 2021) (first alteration in original) (quoting *United States v. Posada*, 206

F. Supp. 3d 866, 868 (S.D.N.Y. 2016)).  Plaintiff does not allege that any of these new exhibits

was previously unavailable or unobtainable, so the Court will not consider them here.

With regard to the substance of Plaintiff's arguments, Plaintiff falls well short of the

aforementioned high bar.  Because Plaintiff filed the instant Motion pursuant to Rule 59(e), his

Memorandum in Support of the Motion did not articulate the subsection of Rule 60(b) under

which he would be entitled to relief.  Nonetheless, the Court addresses the two possible prongs of

Rule 60(b) into which the Motion could be classified.[4]

### a.  Rule 60(b)(1)

Under Rule 60(b)(1), the Court may vacate an Order on the basis of "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  In light of Plaintiff's

---

[4] Plaintiff does not assert in his Motion that there is *new* evidence in the case, foreclosing subsection 2.  (*See generally* Pl.'s Mem.)  Similarly, Plaintiff does not suggest that Defendants engaged in fraud to mislead the Court, foreclosing subsection 3.  (*See generally id.*)  Subsections 4 and 5 are also not viable, as Plaintiff does not suggest the judgment is void or that it has been satisfied or is no longer viable.  (*See generally id.*)

arguments, including his recitation of seven "Supporting Facts," (*see generally* Pl.'s Mem.), and

his highlighting of purportedly wrong assumptions, Defendants' ostensible concessions, and his

new arguments underlying the cause of action itself, (*see generally* Pl.'s Reply Mem.), the Court

interprets Plaintiff's motion as arising under a mistake rather than "inadvertence, surprise, or

excusable neglect."  Fed. R. Civ. P. 60(b)(1).

"Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in

only two instances: (1) when the party has made an excusable litigation mistake . . . or (2) when

the judge has made a substantive mistake of law or fact in the final judgment or order."  *Leeber*

*Realty*, 2019 WL 498253, at *4 (alteration in original) (quoting *Bey v. Iaquinto*, No. 12-CV-

5875, 2016 WL 462412, at *4 (S.D.N.Y. Feb. 4, 2016)).  Plaintiff does not allege his own

mistake, only the Court's, and "[u]nder this provision, a district court may correct its own

mistakes that are 'of a substantive legal nature,' and 'its own mistake[s] of fact.'"  *Castro v.*

*Bank of N.Y. Mellon*, 825 F. App'x 25, 28 (2d Cir. 2021) (summary order) (alteration in original)

(quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) and *Gey Assocs. Gen.*

*P'ship v. 310 Assocs. (In re 310 Assocs.)*, 346 F.3d 31, 35 (2d Cir. 2003)).

Plaintiff's Supporting Facts 1 and 2—that Plaintiff ultimately signed a HIPAA release

form and that the Court's description of the Ramapo Police Department's investigation was

misleading—speak to the genesis of the Ramapo Police Department's investigation concerning

Plaintiff's sick days.  (*See* Pl.'s Mem. 3–6.)  Plaintiff argues that the Court "misframed" the facts

at issue.  (*Id.* at 5.)  Even if the Court "misframed" the facts at issue—and Plaintiff provides no

objective basis to substantiate its belief that the Court committed such an error, only semantical

arguments—adopting an alternate "framing" of the facts alleged, at most, creates frustration with

the Court's interpretation thereof, not factual or legal error.  "Dissatisfaction with a judgment

does not sufficiently justify an allegation of mistake under Rule 60(b)(1)." *Hamilton v. Lee*, 188

F. Supp. 3d 221, 238 (E.D.N.Y. 2016). Thus, neither Supporting Fact 1 nor Supporting Fact 2

can support Plaintiff's Motion.

The Court agrees with Defendants' reading of Supporting Facts 3, 4, and 6, each of which

concern the Court's recitation of past events, (Pl.'s Mem. 7–12), as Plaintiff seemingly

"misunderst[oo]d that the Court actually considered the more recent events on their merits,"

(Defs.' Mem. 9). In each of these Supporting Facts, Plaintiff purports to argue that the Court's

recitation of older facts skews its analysis and interpretation of the more recent events that

culminated in Plaintiff's firing. (*See* Pl.'s Mem 7 (describing Supporting Fact 3); 8–9

(describing Supporting Fact 4); 10–12 (describing Supporting Fact 6).) But in its 2022 Opinion,

the Court considered the more recent actions relating specifically to Plaintiff's firing at length.

(*See* 2022 Op. 21–26.) The Court's consideration of events preceding Plaintiff's firing was, as

the Court stated, solely for additional context and in no way took away from the Court's

consideration of the immediate events giving rise to Plaintiff's firing. "Rule 60(b)(1) will not

provide a movant an additional opportunity to make arguments or attempt to win a point already

'carefully analyzed and justifiably disposed.'" *Bousa Inc. v. United States (In re Bulk Oil (USA)*

*Inc.)*, Nos. 89-B-13380, 93-CV-4492, 93-CV-4494, 2007 WL 1121739, at *10 (S.D.N.Y. Apr.

11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y.1999)). Accordingly,

these Facts similarly cannot support Plaintiff's Motion.

In his explanation for Supporting Fact 3, Plaintiff also accuses the Court of failing to

countenance Plaintiff's allegations in his Complaint regarding discussions of seemingly similarly

situated colleagues. (*See* Pl.'s Mem. 7 (arguing that the Court inappropriately held that Plaintiff

conceded Defendants' argument that Plaintiff failed to establish an inference of discrimination

9

vis-à-vis comparators "despite the verifiable fact that Plaintiff literally did").)  At the motion to dismiss stage, Defendants pointed out that Plaintiff stated only that he shared the same doctor as "most"—not all—of a group of officers, that he failed to identify these other officers' underlying medical issues, that they were subject to similar decisionmakers, or that the officers had similar responsibilities, histories, or any several other material factors.  (Defs.' Mem. of Law in Supp. of Mot. to Dismiss 15–17 (Dkt. No. 101).)  Moreover, Plaintiff stated in his Complaint that his doctor's note was "identical" to those submitted by other officers, despite the fact that the majority of his Doctor's note is biographical information, and the remainder is specific treatment information, neither of which could have or would have been "identical" for any other officer. (*See* Fourth AC ¶ 35.)

As the Court remarked in its Opinion, Plaintiff failed to grapple with the specific points Defendants made, issuing only a naked, generalized response that he was, contrary to Defendants' assertion, "similarly situated" to these officers.   (Pl.'s Mem. of Law in Opp. of Mot. to Dismiss § 7 (Dkt. No. 102).)[5]  This does not actually address the substance of Defendants' arguments, thereby conceding it.  *See DMAC LLC v. City of Peekskill*, No. 09-CV-5093, 2012 WL 4459290, at *2 (S.D.N.Y. Sept. 26, 2012) (holding that "[b]ecause [the nonmovant] ignores [the movants'] detailed, specific argument on the issue, it effectively concedes [it]").

Plaintiff aims to rehash the merits of this argument in his Reply, including citing one out-of-circuit case.  (*See* Pl.'s Reply Mem. 8–9.)  In the first instance, district courts are "bound by

---

[5] Moreover, as Defendants point out, Plaintiff's concession in his Complaint that he has submitted "many doctor's notes" from "the same doctor" further undermines an inference of discrimination, meaning that even if arguendo the Court improperly misread Plaintiff's failure to specifically combat Defendants' arguments, this is not a "material mistake that changed the outcome of the [C]ourt's judgment." *Samuels v. United States*, No. 12-CV-7362, 2017 WL 6624849, at *1 (S.D.N.Y. Oct. 11, 2017) (alteration in original) (quoting *Matura*, 189 F.R.D. at 89 ).

the decisions of the Supreme Court of the United States and those of the Circuit Court of

Appeals in their own circuit, but are not bound by those of a federal court of co-ordinate

jurisdiction, or even the decisions of a federal Circuit Court of Appeals in another circuit."

*Cont'l Sec. Co. v. Interborough Rapid Transit Co.*, 165 F. 945, 959–60 (S.D.N.Y. 1908); *see also*

*Langsam v. Vallarta Gardens*, No. 08-CV-2222, 2009 WL 2252612, at *2 (S.D.N.Y. July 28,

2009) (noting that the District Court for the Southern District of New York is bound only by

"[c]ontrolling decisions," which "include decisions from the United States Court of Appeals for

the Second Circuit; they do not include decisions from other circuits or district courts, even

courts in the Southern District of New York").  "The Court must therefore adhere to and follow

precedent set by the Second Circuit, while jurisprudence from elsewhere—such as the case to

which Plaintiff[] direct[s] the Court—may only be considered for its persuasive value when the

Second Circuit has not issued such precedent."  *Barton v. Ne. Transp., Inc.*, No. 21-CV-326,

2022 WL 203593, at *11 (S.D.N.Y. Jan. 24, 2022).  Accordingly, Plaintiff's citation to one out-

of-circuit case is unavailing at best.

More importantly, as the Court has already explained, Plaintiff's argument falls short on

the merits.  Plaintiff's allegations that several white officers have used sick notes without

incident and that some unspecified portion thereof have the same doctor does not satisfy the

Second Circuit's standard that an inference of discrimination is born of allegations that one is

"similarly situation *in all material respects* to the individuals with whom []he seeks to compare

[him]self."  *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (quotation marks

omitted) (emphasis added).  That Plaintiff offered a name to this group of people—the "Preferred

Group"—and referenced that name throughout his FAC does not change that.  (*See* Pl.'s Reply

Mem. 8–9.)

The Court also agrees with Defendants' interpretation of Plaintiff's Supporting Fact 5 as misinterpreting the Court's 2020 Opinion, which permitted Plaintiff the opportunity to file a Fourth Amended Complaint.  (*See* Sep. 2020 Op. & Order ("2020 Op.") 42 (Dkt. No. 79).)  But "'[t]he mere filing of an [a]mended [c]omplaint does not entitle [a] [p]laintiff to relitigate his claims absent new factual allegations.'"  *Kotler v. Boley*, No. 17-CV-239, 2020 WL 905752, at *3 (S.D.N.Y. Feb. 25, 2020) (quoting *Weslowksi v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015)), *reconsideration denied*, 2020 WL 8665289 (S.D.N.Y. Nov. 9, 2020).  "Because the [Fourth] Amended Complaint . . . is in large part identical to Plaintiff['s] [Third Amended] Complaint, the law of the case doctrine counsels against reconsideration of the Court's . . . dismissal of the [Third Amended] Complaint."  *Weslowksi*, 96 F. Supp. 3d at 316; *see also Kotler*, 2020 WL 905752, at *3 (collecting cases applying the law-of-the-case doctrine to dismiss portions of a pro se complaint where the two pleadings at issue were "substantially identical").  Accordingly, that the Court applied the law of the case doctrine to dismiss identical claims is neither an error of law nor fact.

Finally, Plaintiff's argument regarding Support Fact 7 provides no refuge.  The Rockland County Police Act was referenced only once in Plaintiff's Fourth Amended Complaint, wherein Plaintiff "allege[d] that in addition to being false, Defendant[s'] alleged violation is time barred per the Rockland County Police Act."  (Fourth AC ¶ 48.)[6]  This concern, as Defendants note, "is not at issue" in this Action and would have been appropriately raised "in the disciplinary hearing

---

[6] Additionally, Plaintiff asserts that "the Rockland County Police Act . . . is actual New York State Law."  (Pl.'s Mem. 13.)  The Court cannot find evidence of New York State law under that title; rather, the law governs only Rockland County, "authoriz[ing] town boards [therein] to hear and determine disciplinary charges against members of the police department in accordance with its own rules and regulations."  *City of Schenectady v. New York State Pub. Emp. Rels. Bd.*, 86 N.E.3d 536, 540 n.2 (N.Y. 2017).

itself, and on the appeal to the Appellate Division." (Defs.' Mem. 13.)  This Fact is therefore irrelevant here.

This remains true as Plaintiff rehashes such arguments in his Reply.  Plaintiff asserts that "the hearing officer did not factor in that Plaintiff did sign a HIPAA release in his evaluation of the case before rendering a decision." (Pl.'s Reply Mem. 12.)  Plaintiff also asserts that Defendants' actions "subverted their own written policy" and constituted a "violation[] of the Ramapo PBA's active labor contract." (*Id.* at 14.)  The Court cannot stress enough that Plaintiff did not bring such claims in his Fourth Amended Complaint; these arguments are thus not properly before the Court and the Court will not opine on their veracity, save to say they are immaterial to this proceeding.

The remaining arguments in Plaintiff's Reply similarly fail to persuade the Court that it made a mistake of fact or law.  First, Plaintiff argues that Defendants apparently concede important points that demonstrate Plaintiff met his burden.  Plaintiff begins by asserting that the Defendants made "two key assumptions" that led them to discriminate against Plaintiff, pointing to *Flowers v. Mississippi*, 139 S. Ct. 2228 (2019).  (*See* Pl.'s Reply Mem. 3–4.)[7]  In the first instance, *Flowers* concerns a *Batson* violation, which speaks to the striking of jurors on the sole basis of race in violation of a criminal defendant's Fourteenth Amendment rights.  *See generally* 139 S. Ct. 2228.  *Flowers* is wholly irrelevant to this case.

Nonetheless, to the extent the Court views Plaintiff's citation to *Flowers* as simply a rhetorical device by which to rehash his arguments concerning Defendants' actions (in the form of two "assumptions"), Plaintiff's arguments regarding Defendants' supposed concessions are

---

[7] When citing to Plaintiff's Reply, the Court refers to the ECF-stamped page numbers at the top right-hand corner of each page.

erroneous.  Plaintiff avers that Defendants "concede[] . . . that Plaintiff satisfied all [of] the legal

elements of a [p]rima facie case of discrimination under Title VII."  (Pl.'s Mem. 7.)  This is

false.  Defendants simply agreed with the Court that the only event that qualifies as an adverse

event, meaning the only event that could *give rise* to a Title VII claim, is Plaintiff's firing; this is

simply not the same as stating that Plaintiff met his burden in establishing a prima facie claim for

discrimination.  Defendants say as much two paragraphs after the language Plaintiff cited:

"Because the Fourth Amended Complaint did not allege Plaintiff was 'similarly situated in all

material respects' to any other officers, *the Court properly found that Plaintiff failed to state a*

*discrimination claim regarding his termination*."  (Def.'s Mem. 8.)  Accordingly, it is inaccurate

to say that Defendants conceded this point.

　　　Lastly, Plaintiff makes yet another new argument in his Reply based on the continuing

violation doctrine; it is both misguided and unavailing.  At the outset, "'[a]rguments made for the

first time in a reply brief need not be considered by a court,' of course."  *Kowalski v.*

*YellowPages.com, LLC*, No. 10-CV-7318, 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012)

(quoting *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997)).

Nevertheless, even if the Court were to consider it, Plaintiff would still fall short.

　　　The Court's previous discounting of intermittent, non-continuous events speaks to

whether events that occurred years ago—i.e., events for which the statute of limitations has

run—can nonetheless give rise to a discrimination claim.  *See Corrado v. N.Y. Unified Ct. Sys.*,

163 F. Supp. 3d 1, 20 (E.D.N.Y. 2016) ("The continuing violation doctrine provides that, 'if a

plaintiff has experienced a continuous practice and policy of discrimination, . . . the

commencement of the statute of limitations period may be delayed until the last discriminatory

act in furtherance of it.'" (alteration in original) (quoting *Washington v. County of Rockland*, 373

F.3d 310, 317 (2d Cir. 2004))), *aff'd* 698 F. App'x 36 (2d Cir. 2017).  In other words, the doctrine has no bearing on the connection between the investigation and the firing.

More importantly, though, all participants in this Action have been all fours insofar as Defendants' investigation and firing are related.  The question was whether, in addition to Plaintiff's firing, the investigation itself that preceded—and precipitated—Plaintiff's firing was *also* a discrete action that could give rise to an inference of discrimination separate and apart from Plaintiff's firing.  The Court held that it did not for the reasons stated, (*see* 2022 Op. 23–25), and the continuing violation doctrine does not change this.

In sum, Plaintiff has not carried the substantial burden of demonstrating that the Court has made a "substantive mistake of law or fact in the final judgment or order." *Leeber Realty*, 2019 WL 498253, at *4 (quotation marks omitted).

### b.  Rule 60(b)(6)

The Second Circuit long ago recognized that "it is settled that [Rules] 60(b)(1) and 60(b)(6) are not pari passu and are mutually exclusive, and that the latter section cannot be used to break out from the rigid time restriction of the former." *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967).  In other words, "any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976).  "It is undeniable that [Plaintiff's Motion] is, at bottom, premised on [the Court's purported] mistake." *Stevens v. Miller*, 676 F.3d 62, 68 (2d Cir. 2012).  Nonetheless, given Plaintiff's status as a pro se litigant and the Court's concomitant obligation to consider his submissions to raise the strongest possible arguments, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court evaluates his motion under Rule 60(b)(6).

"Rule 60(b)(6) authorizes a district court to grant relief to a moving party for 'any other reason that justifies relief.' It is a 'grand reservoir of equitable power to do justice in a particular case.' But that reservoir is not bottomless. Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens*, 676 F.3d at 67 (citation omitted) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)). Indeed, the Second Circuit has "described Rule 60(b)(6) as a catch-all provision that 'is properly invoked *only* when there are extraordinary circumstances justifying relief [and] when the judgment may work an extreme and undue hardship[.]'" *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (emphasis added) (quoting *Nemaizer*, 793 F.2d at 63).

"Given that the 'Rule does not particularize the factors that justify relief,' courts have refrained from applying a rigid test when deciding Rule 60(b)(6) motions." *Stanley v. CUNY, John Jay Coll.*, No. 18-CV-4844, 2020 WL 6823011, at *1 (S.D.N.Y. Nov. 19, 2020) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)); *cf. Mirlis v. Greer*, No. 16-CV-678, 2022 WL 959915, at *3 (D. Conn. Mar. 30, 2022) ("Relief under Rule 60(b)(6) is less well-defined."). Lacking discrete tests, the Court relies on high-water—or low-water—marks to guide its thinking.

For example, a sister court in this district has held that extraordinary circumstances were not found where an incarcerated, legally blind, pro se plaintiff was denied meaningful access to the prison law library and to legal assistance from the facility itself. *See Brown v. Nelson*, No. 05-CV-4498, 2008 WL 4104040, at *3 (S.D.N.Y. Aug. 29, 2008). Another court in this district denied a motion under Rule 60(b)(6), holding that no extraordinary circumstances existed to justify reopening a default judgment when the movant's failure to appear was due to his

16

illness.  *See generally New Card, Inc. v. Glenns*, No. 00-CV-4756, 2004 WL 540417 (S.D.N.Y.

Mar. 18, 2004), *aff'd*, 137 F. App'x 384 (2d Cir. 2005).  In contrast to illness, handicap, or

obvious obstructions to pressing his case, "Plaintiff has not shown any 'extraordinary

circumstances' entitling him to relief under Rule 60(b)(6)."  *Kamdem-Ouaffo v. Balchem Corp.*,

No. 17-CV-2810, 2022 WL 1000285, at \*3 (S.D.N.Y. Apr. 4, 2022) (citing *Gonzalez v. Crosby*,

545 U.S. 524, 536 (2005)).

## III.  Conclusion

For the foregoing reasons, Plaintiff's Motion is denied.  Because the underlying dismissal

is the first adjudication of Plaintiff's claims of a hostile work environment on the merits, the

dismissal of hostile work environment claims is without prejudice.  Plaintiff is advised that the

fifth amended complaint, should Plaintiff file one, will replace, not supplement, all prior

complaints.  Accordingly, the fifth amended complaint must contain all of the claims, factual

allegations, and exhibits that Plaintiff wishes the Court to consider.  Plaintiff is also advised that

he may not bring any claims that have already been dismissed with prejudice, including his

claims against the Individual Defendants, (2020 Op. 42), all claims against the Ramapo Police

Demartment, (*id.*), any claims for punitive damages against the Town of Ramapo or individual

Defendants in their official capacities, (*id.*), as well as a discriminatory workplace or retaliation

under Title VII and § 1983, (2022 Op. 25–26, 33).   Furthermore, if Plaintiff fails to abide by the

30-day deadline, the Action will be dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motions, (Dkt.

Nos. 110–112), and mail a copy of this Opinion & Order to Plaintiff.

SO ORDERED.

DATED:        June 7, 2022
              White Plains, New York

_____
KENNETH M. KARAS
United States District Judge